# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDRIA SHANELLE BURRAGE,
              Appellant,

          v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
CH-0353-14-0696-I-1

DATE: February 25, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Andria Shanelle Burrage</u>, Belleville, Illinois, pro se.

<u>Lana S. Johnson</u>, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction and as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant filed an appeal with the Board claiming that the agency improperly failed to restore or reinstate her to duty. Initial Appeal File (IAF), Tab 1. The record reflects that the appellant was employed as a Mail Handler with the agency until she was removed on April 29, 2010, based on attendance-related misconduct. IAF, Tab 4 at 11-16. The appellant filed a grievance challenging her removal, and the agency placed her on leave without pay while the grievance was pending. IAF, Tab 4 17-20, 22. The grievance was withdrawn pursuant to a pre-arbitration settlement agreement entered into in January 2011. *Id*. at 21. The appellant filed this appeal on July 18, 2014. IAF, Tab 1. The agency filed a motion to dismiss the appeal. The agency argued that any appeal of the appellant's removal was untimely filed by over 4 years and that the Board lacks jurisdiction over her improper restoration claim because the appellant does not have a compensable injury and, thus, does not meet the requirements for a failure-to-restore appeal. IAF, Tab 4.

¶3     Because it appeared that the Board may not have jurisdiction over the appeal, the administrative judge issued an order instructing the appellant to file evidence and argument that the Board has jurisdiction over her claim that the

agency failed to restore or reinstate her to duty. IAF, Tab 7. Also, because it appeared that the appeal of her removal may have been untimely filed, the administrative judge ordered the appellant to provide evidence and argument that the appeal was timely filed or that good cause exists for the filing delay. IAF, Tab 8. While the appellant failed to respond to the administrative judge's orders, the agency provided a declaration from its Acting Manager of Health and Resource Management stating that the appellant had never filed a claim seeking compensation for a work-related injury. IAF, Tab 4 at 23-24. Based on the record, the administrative judge dismissed the appeal for lack of jurisdiction, and she also found that any attempt to challenge the 2010 removal action was untimely. IAF, Tab 10, Initial Decision (ID) at 2-6.

¶4 On review, the appellant e-filed a document titled "Reopening an Appeal Dismissed without Prejudice" in which she simply states that she was requesting that her case be reopened for the following reasons: "Untimely filing." Petition for Review (PFR) File, Tab 1. Because the initial decision dismissed with prejudice the appeal as untimely filed, the Clerk of the Board provided the appellant the opportunity to supplement her petition for review. PFR File, Tab 2. The appellant did not respond.

¶5 The appellant has raised no arguments challenging the administrative judge's findings in the initial decision and, thus, has shown no error by the administrative judge in dismissing this appeal for lack of jurisdiction and as untimely filed. Accordingly, the appellant's petition for review does not meet the criteria for review under 5 C.F.R. § 1201.115. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error); *see also Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (a petition for review must contain sufficient

specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record.)

¶6        Furthermore, the applicable law and the record evidence support the administrative judge's findings that the Board does not have jurisdiction over the appellant's claim that the agency failed to restore or reinstate her to duty and that any appeal of her removal was untimely filed with no showing of good cause.  ID at 2-6.  Therefore, we discern no reason to disturb these explained findings.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Accordingly, the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:    _____
            William D. Spencer
            Clerk of the Board

Washington, D.C.